

FILED
2017 Jun-27  PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
5/17/2017 10:13 AM
01-CV-2017-902017.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case No.<br>01<br><br>Date of Filing:<br>05/17/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JEFFREY S. HASSELL v. FRANKLIN COLLECTION SERVICE, INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
WAT056          5/17/2017 10:13:45 AM          /s/ JOHN GRIFFIN WATTS
                Date                            Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
5/17/2017 10:13 AM
01-CV-2017-902017.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| JEFFREY S. HASSELL,                              ) | |
|                                                  ) | |
|     **Plaintiff,**           ) | |
|                                                  ) | |
| v.                                               ) | Civil Action No.: |
|                                                  ) | |
| FRANKLIN COLLECTION SERVICE,                     ) | |
| INC., Fictitious Defendants "A", "B" and         ) | |
| "C" thereby intending to refer to the legal      ) | |
| entity, person, firm or corporation which        ) | |
| was responsible for or conducted the             ) | |
| wrongful acts alleged in the Complaint;          ) | |
| Names of the Fictitious parties are unknown      ) | |
| to the Plaintiff at this time but will be added  ) | |
| by amendment when ascertained,                   ) | |
|                                                  ) | |
|     **Defendants.**          ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Jeffrey S. Hassell, by and through counsel, and for Plaintiff's Complaint against the Defendants states as follows:

### JURISDICTION AND VENUE

1.   This action arises out of all Defendants' violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]) and state law.

2.   Venue is proper as Plaintiff lives in Alabama and the Defendant does business in this judicial district.

### PARTIES

3.   Plaintiff Jeffrey S. Hassell (hereinafter "Plaintiff") is a natural person who is a resident of Alabama.

4.   Defendant Franklin Collection Service, Inc. ("Defendant" or "Franklin[1]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama. It is a "debt collector" under the FDCPA. It is incorporated in Mississippi and has its principal place of business in Mississippi.

5.   Defendant Franklin claims to collect on defaulted consumer debt.

6.   Defendant Franklin sends collection notices to consumers, makes collection calls to consumers, and credit reports on consumers.

7.   Fictitious Defendants "A", "B" and "C" thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the Complaint; names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

8.   Any reference to any Defendant refers to all Defendants and Fictitious Defendants.

## RECOGNITION BY CONGRESS OF THE
## WIDESPREAD ABUSE BY COLLECTORS

9.   Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

10.  Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

11.  Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

---

[1] "Franklin" means Franklin Collection Service, Inc. directly or through its debt collectors, employees and agents who credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

12. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

    (a)    There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankrupicies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

    (b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    (c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

    (d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    (e)    It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## FACTUAL ALLEGATIONS

13. In 2016, Defendant Franklin began collecting against Plaintiff on a consumer debt with Spencer Entp Inc d/b/a Ashley Home Store (hereinafter "Ashley").

14. The debt was for furniture which was defective, broken, and for which Ashley refused multiple requests to fix or to pick up from Plaintiff's house.

15. Credit reporting and/or credit inquiries were made against Plaintiff by Defendant Franklin.

16. Plaintiff wrote at least one letter to Defendant Franklin explaining in great detail why this debt was not owed.

17. This letter was received by Defendant Franklin in March 2016.

18. The dispute letter qualifies as a request for validation.

3

19.   Once a dispute letter is received by a debt collector such as Defendant Franklin, it has two choices.

20.   First, it can "validate" the debt by investigating the claims made in the dispute/validation letter.

21.   The amount of detail it must provide to the consumer is dependent upon, to some extent, the amount of detail in the dispute/validation letter.

22.   The second option is to cease all collection activities and not validate the debt.

23.   Here, Defendant Franklin chose the second option.

24.   It told Plaintiff that it was ceasing collection activities.

25.   The same dispute/validation letter also went to Ashley and various complaints were made to governmental agencies.

26.   Ashley admitted there was no debt owed by Plaintiff.

27.   All the above meant the matter was concluded except for the bogus credit reporting/inquiries.

28.   But Defendant Franklin would not let this matter go and would not leave Plaintiff alone.

29.   Without validating, and in direct violation of its promise that it would cease collection activities, on or about August 15, 2016, Defendant Franklin began collection activities against Plaintiff again.

30.   When Plaintiff (through his wife who answered the phone) pointed out to Defendant Franklin that the March 2016 validation letter was not responded to and that there was no debt, Defendant Franklin pretended to not know about the history of this account.

31.   It is clear that Defendant Franklin will continue to collect on this bogus debt and will continue to violate federal and state law.

4

32.  This lawsuit is brought to recover damages and to ensure that Defendant Franklin will no longer bother, harass, and collect against Plaintiff.

33.  If Defendant Franklin puts the blame on Ashley as being the entity pressuring Defendant Franklin to break the law, then, Ashley will be added to this suit by amendment.

34.  The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit worthiness, ability to apply for and receive credit, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

35.  All actions taken by Defendant Franklin were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that the actions would very likely harm Plaintiff and/or that the actions were taken in violation of the FDCPA and state law and/or that Defendant Franklin knew or should have known that the actions were in reckless disregard of the FDCPA and state law.

36.  Defendant Franklin has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and therefore Defendant Franklin is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendant Franklin and similar companies.

37.  Defendant Franklin is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees and agents.

38.  Plaintiff has suffered actual damages as a result of these illegal actions by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation,

embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

39.     All actions taken by employees, agents, servants, or representatives of any type for Defendant Franklin were taken in the line and scope of such individuals' employment, agency or representation.

40.     At no time has Defendant Franklin told or implied to Plaintiff that any conduct by any agent or employee of Defendant Franklin was outside the line and scope of such employment or agency.

### Additional Factual Allegations Against Defendant Franklin

41.     Defendant Franklin has continued to collect against Plaintiff when Plaintiff did not owe any money to Defendant Franklin on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a debt that is zero from anyone, including Plaintiff.

42.     Defendant Franklin has misrepresented the debt as being owed, when it was not owed.

43.     Defendant Franklin has misrepresented the debt, including the legal status of the debt, as none was owed during the time that Defendant Franklin has been collecting on the debt.

44.     Defendant Franklin has taken action it knows is illegal including false credit reporting/credit inquiries.

45.     Until discovery is conducted, it is unknown regarding the details of all of Defendant Franklin's collection activities including calls, letters, third party contacts, etc.   All actions of Defendant Franklin related to Plaintiff have been in violation of state and federal law and Plaintiff claims all damages allowable under the law.

46. Defendant Franklin knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff would be harassed, oppressed, and abused by the collection activities and by all other wrongful acts described in this Complaint.

47. The debt being collected is a consumer debt as defined by the FDCPA.

48. Plaintiff is a "consumer" as defined by the FDCPA.

49. Defendant Franklin is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant Franklin.

50. Defendant Franklin has full knowledge of what it is doing by its wrongful collection activities including illegal credit reporting/inquiries – it is a sophisticated debt collector and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant Franklin has no right to take under state law and under the FDCPA.

51. The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

52. It is a practice of the Defendant Franklin to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

53.   All actions taken by the Defendant Franklin were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

## CAUSES OF ACTION

### COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692d**

54.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

55.   Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

56.   Defendant Franklin violated Section 1692d by collecting this debt as alleged in this Complaint.

57.   The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
### 15 U.S.C. § 1692e

58.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

59.   Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section [and the subsections of 1692e follow]."

60.   Defendant Franklin violated Section 1692e by collecting this debt as alleged in this Complaint.

61.   The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### COUNT III.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

62.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

63.   Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

64.   Defendant Franklin violated Section 1692e(2) by collecting this debt as alleged in this Complaint.

65.   The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8)

66.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

67.   Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

68.   Defendant Franklin violated Section 1692e(8) by collecting this debt as alleged in this Complaint.

69.   The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

70.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

71.   Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

72.   Defendant Franklin violated Section 1692e(10) by collecting this debt as alleged in this Complaint.

73.   The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

74.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

75.   Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

76.   Defendant Franklin violated Section 1692f by collecting this debt as alleged in this Complaint.

77.   The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

11

## COUNT VII.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

78.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

79.  Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

80.  Defendant Franklin violated Section 1692f(1) by collecting this debt as alleged in this Complaint.

81.  The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

82.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

83.  Section 1692g requires a debt collector to cease collection on a debt until it properly and fully responds to a dispute/validation letter.

84.  Defendant Franklin violated Section 1692g by collecting this debt as alleged in this Complaint.

85.    The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IX.
## INVASION OF PRIVACY

86.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

87.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Franklin violated Alabama state law as described in this Complaint.

88.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

89.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

90.   Defendant Franklin intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

91.   Defendant Franklin intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

92.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

93.   The conduct of Defendant Franklin, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Franklin which occurred in a way that would be highly offensive to a reasonable person in that position.

94.   Defendant Franklin knows that Plaintiff owes no money on this alleged debt but continues to collect against Plaintiff using every weapon in its arsenal including credit reporting/inquiries, collection calls, collection letters, etc.

95.   All of the wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant Franklin in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

96.   The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

97. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Franklin.

98. All acts of Defendant Franklin were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Franklin is subject to punitive damages.

## COUNT X.

### NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

99. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

100. Defendant Franklin's collectors are allowed and encouraged to break state law in order to collect debts.

101. This includes all of the violations of the law described in this Complaint.

102. Defendant Franklin is aware of the wrongful conduct of its collectors.

103. Defendant Franklin negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Franklin is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

104. Plaintiff does not know the names and identities of the specific employees/agents who violated the law but will obtain that information from Defendant Franklin in this case as well as the details of the incompetent hiring, training, and supervision of debt collectors. It is reasonable to infer this as there is no other explanation for how a sophisticated debt collector with compliance employees and lawyers, could possibly allow repeated violations of the law against Plaintiff to happen, unless this was part of a plan to be negligent in

allowing incompetent collectors to run wild and damage Plaintiff while Defendant Franklin sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

105. The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

### WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

106. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

107. Defendant Franklin's collectors are allowed and encouraged to break state law in order to collect debts.

108. This includes all of the violations of the law described in this Complaint.

109. Defendant Franklin is aware of the wrongful conduct of its collectors.

110. Defendant Franklin wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Franklin is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

111. Plaintiff does not know the names and identities of the specific employees/agents who violated the law but will obtain that information from Defendant Franklin in this case as well as the details of the incompetent hiring, training, and supervision of debt collectors. It is reasonable to infer this as there is no other explanation for how a sophisticated debt

collector with compliance employees and lawyers, could possibly allow repeated violations of the law against Plaintiff to happen, unless this was part of a plan to be wanton in allowing incompetent collectors to run wild and damage Plaintiff while Defendant Franklin sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

112.   The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

### INTENTIONAL HIRING, TRAINING, AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

113.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

114.   Defendant Franklin's collectors are allowed and encouraged to break state law in order to collect debts.

115.   This includes all of the violations of the law described in this Complaint.

116.   Defendant Franklin is aware of the wrongful conduct of its collectors.

117.   Defendant Franklin intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Franklin is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

118.   Plaintiff does not know the names and identities of the specific employees/agents who violated the law but will obtain that information from Defendant Franklin in this case as

17

well as the details of the incompetent hiring, training, and supervision of debt collectors.  It is reasonable to infer this as there is no other explanation for how a sophisticated debt collector with compliance employees and lawyers, could possibly allow repeated violations of the law against Plaintiff to happen, unless this was part of a plan to be intentional in allowing incompetent collectors to run wild and damage Plaintiff while Defendant Franklin sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

119.   The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIII.

## NEGLIGENCE, WANTONNESS, MALICE AND/OR INTENTIONAL CONDUCT

120.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

121.   Defendant Franklin owes a duty to Plaintiff not to expose Plaintiff to unnecessary harm.

122.   Defendant Franklin has violated its duty to Plaintiff in all of its conduct with Plaintiff.

123.   Such violations were made negligently, wantonly, maliciously, and/or intentionally.

124.   The actions of Defendant Franklin proximately and directly harmed Plaintiff.

125.   The conduct of the Defendant Franklin has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant Franklin for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

### PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

Franklin Collection Service, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
5/17/2017 10:13 AM
01-CV-2017-902017.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| JEFFREY S. HASSELL, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No.: |
| | ) |
| FRANKLIN COLLECTION SERVICE, | ) |
| INC., | ) |
| | ) |
| **Defendant.** | ) |

---

### PLAINTIFF'S INTERROGATORIES, REQUESTS FOR ADMISSIONS, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR PRODUCTION OF STATEMENTS TO ALL DEFENDANTS

---

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate.  As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If you are in any way confused, unclear, uncertain, or troubled by any request, contact Plaintiff's counsel to resolve any issues.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection.  If any objection is made based upon a claim of privilege as to any response, Defendants shall state

the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or

negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.      The date of the document;

b.      The type of document;

c.      The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.      The name of the employer or principal whom the signers, addressers and preparers were representing;

e.      The present location of the document;

f.      The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.      A summary of the contents of the document; and

h.      If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Federal Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer as long as Rule 33(d) is complied with fully.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of **three (3) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

## INTERROGATORIES

**Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1.     If your answer contains the Affirmative Defense of "Bona Fide Error" under the FDCPA, then in support of this defense, please do the following:

    a.     Identify all documents that support or form the factual basis of this defense;

    b.     Identify all witnesses that support or form the factual basis of this defense; and

    c.     Identify all facts that support or form the factual basis of this defense.

    d.     Identify and describe the "error" or "errors" stated in your defense.

    e.     Identify and describe the "procedures reasonably adapted to avoid any such error" stated in your defense.

2.     Identify all documents, witnesses, and facts that support, form the basis of or relate in any way to each and every affirmative defense pled in your answer or any amendment thereto.

3.     Identify and describe each communication, or attempted communication, between the Defendants (including agents and independent contractors) and the Plaintiff, or any other person, which is in any way related to the Plaintiff's alleged debt, by stating the following:

    a.     The name of the individual and entity initiating communication;

    b.     The name of the person and/or description of the person to whom the communication was directed;

    c.     The date and time of the communication;

    d.     The method of the communication (e.g. letter, phone call, in-person, auto-dialer, pre-recorded message, predictive dialer, etc);

    e.     A detailed description of the substance of the communication, (do not simply refer to collection notes);

    f.     Identification of all witnesses to or participants in the communication; and,

    g.     Any actions taken by any Defendant as a result of the communication.

4. Identify all persons known to Defendant(s) to have personal knowledge of any facts, allegations, defenses and/or issues involved in this lawsuit, stating the following:

    a. First, last, and middle legal name;

    b. All DBAs, fake, or alias name(s) used by this person;

    c. Job title or capacity;

    d. Business address and telephone number;

    e. Home address and telephone number;

    f. Age;

    g. State the general substance of each person's knowledge.

5. Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendant(s) use, maintain, or operate to record and/or document any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with consumers, persons or other third parties in connection with the collection of accounts for a time period of **three (3) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

6. Identify whether you electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings for a time period of **three (3) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

7. Identify whether you or anyone or any business or entity on your behalf recorded any telephone calls made or received in connection with your efforts to collect the subject account and state the following:

    a. The number of recordings;

    b. Date, time and duration of the recordings;

    c. The identities of the person, persons or entities on the call;

    d. Whether or not these recordings have been preserved, and;

    e.   The current location and/or disposition of these recordings.

8.     Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendant's business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider from the date Defendant received this account for collection to the date defendant ceased collection on this account.

9.     Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider for a time period of **three (3) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

## <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

**Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents, as they may desire:**

1.     Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.     Any and all documents or video summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees and agents in any and all of the following areas for a time period of **three (3) years prior to the filing of the suit** to the day the Defendant responds to the discovery:

    a.     Collection policies;

    b.     Collection procedures;

    c.       Collection methods;

    d.       Collection techniques;

    e.       Collection tactics;

    f.       Collection rules;

    g.       Collection regulations; and

    h.       Compliance with local, state, or federal laws, codes, or regulations.

3.    Any and all training, personnel, or other instruction manuals or video used by any and all collection personnel who are employed by or who are agents of Defendant(s)or supervised by Defendant(s)for a time period of **three (3) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

4.    Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendant(s)in collecting debts for a time period of **three (3) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

5.    Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities for a time period of **three (3) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

6.  Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiff.

7.  Copies of any and all state-issued collection agency license(s) issued to any Defendant and any and all collectors employed by any defendant who collected on the subject account for the states in which Defendant is located and for the state in which Plaintiffs reside.

8.  Any and all documents or recordings documenting, or otherwise tracking Defendant(s)' attempts to collect a debt from Plaintiff, including but not limited to:

    a.  Records and/or documentation of all inbound or outbound telephone calls, to or from Plaintiff or any other individual or entity;

    b.  Records and/or documentation of all inbound or outbound United States mail to or from Plaintiff or any other individual or entity.

    c.  Records and/or documentation of all other inbound or outbound communication of whatever kind, to or from Plaintiff or any other individual or entity.

    d.  Records and/or documentation regarding any and all efforts to skip trace the plaintiff, to locate plaintiff and/or obtain location or contact information regarding the plaintiff.

    e.  Records and/or documentation of any and all actions taken as a part of your debt collection efforts related to or against Plaintiff.

9.   Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiffs' name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.

10.  A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

11.  Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment.

12.  Any and all documents relating in any manner to your affirmative defenses including, but not limited to, your defense of *bona fide* error.

13.  Any and all contracts between you and the original creditor or the individual, business or entity from which you purchased or were assigned the account for collection or on whose behalf you were collecting the alleged subject debt or account.

14.  Any and all contracts between you and any person, individual, entity, business or third party vendor you retained or hired to provide skip-tracing services or to provide location or contact information as a part of your efforts to collect this account in place and affect during the time you were collecting Plaintiff's account or alleged debt. (Examples include, but are not limited to, Lexis Nexis, Equifax, Trans Union, Experian, Accurint, Banko, Merlin Data, Merlin Information Services, Insight America or Axiom).

15.     Any and all documents or information provided to you regarding the Plaintiff, Plaintiff's alleged debt or Plaintiff's alleged account by the original creditor or the individual, business or entity from whom you purchased or were assigned the account for collection or on whose behalf you were collecting the alleged subject debt or account.

16.     Any and all documents or information provided to by you or to you by any person, individual, entity, business or third party vendor you retained or hired to provide skip-tracing services or to provide location or contact information as a part of your efforts to collect this account. (Examples include, but are not limited to, Lexis Nexis, Equifax, Trans Union, Experian, Accurint, Banko, Merlin Data, Merlin Information Services, Insight America or Axiom).

17.     Any and all documents, information, communications, correspondence, reports and/or memorandum(s) provided to you or by you with any entity, business, person, individual retained, hired, employed or assigned Plaintiff's account to place calls, whether manually or by the use of auto-dialer, predictive dialer or otherwise relative to your efforts or attempts to collect the subject alleged debt from Plaintiff or relative to any and all attempts to contact the Plaintiff or locate or obtain location information or contact information regarding the Plaintiff.

18.     Documents or information evidencing or documenting any and all calls made to the Plaintiff using an auto-dialer, predictive dialer or any other calls made electronically or any pre-recorded or recorded messages left or attempted to be left on Plaintiff's phone and/or voice mail.

## REQUEST FOR PRODUCTION OF STATEMENTS

**Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiff demands that copies of the following be made available:**

1.     All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

## REQUEST FOR ADMISSIONS

**Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:**

1.     The debt being collected is a consumer debt as defined by the FDCPA.

2.     You are a "debt collector" as defined by the FDCPA.

3.     You agree a debt collector who violates the FDCPA should apologize to the consumer.

4.     You agree debt collectors who violate the FDCPA put law abiding debt collectors at a competitive disadvantage.

5.     You have no intention of changing the way you collect debts after learning what you did to the Plaintiff.

6.     You refuse to apologize to the Plaintiff for your debt collection activities.

7.     You have never apologized to the Plaintiff.

8.     You received a validation letter from Plaintiff in March 2016, signed for by an "Edward Nix".

9.     You did not respond to the validation letter in writing.

10.     You did not respond to the validation letter verbally.

11.     You made at least one collection call after receiving the validation letter.

- 12 -

DOCUMENT 3

12.   You called Plaintiff on or about August 15, 2016, in an attempt to collect this debt.

13.   You have credit reported against Plaintiff.

14.   You have pulled Plaintiff's credit report.

15.   Spencer Entp Inc d/b/a Ashley Home Store ("Ashley") has told you not to collect on this

account.

Respectfully Submitted,

*s/John G. Watts*
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

- 13 -

DOCUMENT 14

ELECTRONICALLY FILED
5/17/2017 10:13 AM
01-CV-2017-902017.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JEFFREY S. HASSELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.:** |
| | ) |
| **FRANKLIN COLLECTION SERVICE, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF FRANKLIN COLLECTION SERVICE, INC.

Take notice, that the Plaintiff will take the deposition of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

| | |
|---|---|
| **DEPONANT:** | **Corporate Representative for Franklin Collection Service, Inc.** |
| **DATE:** | **September 18, 2017** |
| **TIME:** | **9:00 a.m.** |
| **PLACE:** | **Watts & Herring, LLC**<br>**The Kress Building**<br>**301 19th Street North**<br>**Birmingham, AL 35203** |

**Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:**

1.  The Defendant's responses to Plaintiff's Discovery;

2.  The Defendant's investigation into the claims made by Plaintiff in his Complaint;

3.  The methods, practices, techniques and strategies used by Defendant in training collection their collection employees;

4.  The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

5. The management, supervision, and discipline of all Defendant's and its collection employees;

6. The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

7. The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

8. All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

9. The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

10. The telephone system(s), local and long distance services used by Defendant's and its collection employees and agents in the course of their business or in the course of collecting accounts;

11. The phone systems of Defendant and any monitoring and recording of telephone calls;

12. The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

13. The long distance telephone provider used to make calls relating to the herein account;

14. The factual basis for the Defendant's Answer;

15. The factual basis for the Defendant's defenses contained in their Answer;

16. The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

17.   The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

18.   All documents produced to Plaintiff by Defendant in the course of this case.

19.   The general nature of the Defendant's businesses;

20.   The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present.

## DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1.   All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

**s/John G. Watts**
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

## PLEASE SERVE WITH THE SUMMONS AND COMPLAINT

3



AlaFile E-Notice

01-CV-2017-902017.00

To:   JOHN GRIFFIN WATTS
       john@wattsherring.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JEFFREY S. HASSELL V. FRANKLIN COLLECTION SERVICE, INC.
01-CV-2017-902017.00

The following complaint was FILED on 5/17/2017 10:13:49 AM

Notice Date:      5/17/2017 10:13:49 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902017.00

To:  FRANKLIN COLLECTION SERVICE, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST, STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JEFFREY S. HASSELL V. FRANKLIN COLLECTION SERVICE, INC.
01-CV-2017-902017.00

The following complaint was FILED on 5/17/2017 10:13:49 AM

Notice Date:      5/17/2017 10:13:49 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2017-902017.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JEFFREY S. HASSELL V. FRANKLIN COLLECTION SERVICE, INC.

**NOTICE TO:** FRANKLIN COLLECTION SERVICE, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON ST, STE 605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JOHN GRIFFIN WATTS
,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JEFFREY S. HASSELL
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 5/17/2017 10:13:49 AM | /s/ ANNE-MARIE ADAMS | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ JOHN GRIFFIN WATTS
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)* *(Name of County)*

Alabama on _____ .
*(Date)*

_____ _____ _____
*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

_____ _____
*(Server's Printed Name)* *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
JEFFREY S. HASSELL V. FRANKLIN COLLECTION SERVICE, INC.

01-CV-2017-902017.00

To:  CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $8.34

Parties to be served by *Certified Mail - Return Receipt Requested*

FRANKLIN COLLECTION SERVICE, INC.                     Postage: $8.34
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST, STE 605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$                    CV5017   902017   S/C
Total Postage and Fees
$

Sent To
Franklin Collection Service,
Street and Apt. No., or PO Box No.              Inc.
City, State, ZIP+4®

7017 0530 0000 1071 6941

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:
FRANKLIN COLLECTION SERVICE, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST, STE 605
MONTGOMERY, AL 36104

CV5017   902017   S/C

9590 9402 2181 6193 3709 64

2. Article Number (Transfer from service label)
7017 0530 0000 1071 6941

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery    Delivery
☐ Collect on Delivery                ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery   Merchandise
☐ Insured Mail                       ☐ Signature Confirmation™
☐ Insured Mail Restricted Delivery   ☐ Signature Confirmation
   (over $500)                          Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

**A. Signature**

X _Laura McHann_   □ Agent

**B. Received by (Printed Name)**   □ Date of Delivery

1. Article Addressed to:

FRANKLIN COLLECTION SERVICE, INC.

C/O CT CORPORATION SYSTEM

2 N. JACKSON ST, STE 605

MONTGOMERY. AL 36104

**D. Is delivery address different from item 1?**   □ Yes
If YES, enter delivery address below:   □ No



9590 9402 2181 6193 3709 64

**3. Service Type**
- □ Adult Signature
- □ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- □ Certified Mail Restricted Delivery
- □ Collect on Delivery
- □ Collect on Delivery Restricted Delivery
- □ Insured Mail
- □ Insured Mail Restricted Delivery
- □ Priority Mail Express®
- □ Registered Mail™
- □ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- □ Signature Confirmation™
- □ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7017 0530 0000 1071 6941

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**Domestic Return Receipt**

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 2181 6193 3709 64

**United States**
**Postal Service**



* Sender: Please print your name, address FILED 2th OFFICE

CIRCUIT CIVIL DIVISION

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE JUN 2 2017
716 RICHARD ARRINGTON JR BLVD N. ADAMS
BIRMINGHAM, ALABAMA 35203 CLERK

ANNE-MARIE ADAMS
CLERK



AlaFile E-Notice

01-CV-2017-902017.00

Judge: JIM HUGHEY III

To:  WATTS JOHN GRIFFIN
      john@wattsherring.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JEFFREY S. HASSELL V. FRANKLIN COLLECTION SERVICE, INC.
01-CV-2017-902017.00

The following matter was served on 5/30/2017

**D001 FRANKLIN COLLECTION SERVICE, INC.**

**Corresponding To**

AUTHORIZED SERVICE

S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902017.00

Judge: JIM HUGHEY III

To:  HERRING MYLES STANLEY JR.
     stan@wattsherring.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JEFFREY S. HASSELL V. FRANKLIN COLLECTION SERVICE, INC.
01-CV-2017-902017.00

The following matter was served on 5/30/2017

**D001 FRANKLIN COLLECTION SERVICE, INC.**

**Corresponding To**

AUTHORIZED SERVICE

S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov